UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA SNYDER,<br><br>        Plaintiff,<br><br>    v.<br><br>WOFFORD, *et al.*,<br><br>        Defendants. | No. 1:18-cv-01495-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 25) |

Plaintiff Joshua Snyder is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 24, 2020, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim upon which relief may be granted.  (Doc. No. 25.)  On September 11, 2020, the court granted plaintiff a forty-five (45) day extension of time to file his objections to the findings and recommendations.  (Doc. No. 27.)  The extended deadline to file objections has passed, and plaintiff has failed to file objections to the pending findings and recommendations or otherwise communicate with the court regarding this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of the case.  To begin, plaintiff asserts multiple unrelated

claims against different defendants from different housing facilities in a single action, a pleading deficiency in which plaintiff was given an opportunity to correct but failed to do so in his amended complaint. *See* Fed. R. Civ. P. 18(a), 20(a)(2). Plaintiff has also failed to state any cognizable claim upon which relief may be granted. First, his claim that the Doe defendants failed to protect him from an assault by another prisoner in violation of the Eighth Amendment does not contain any allegations that these defendants knew or were aware of any risk of assault to plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834, 841 (1994). Second, plaintiff's disagreements with or differences in opinion as to his medical treatment are insufficient to support his Eighth Amendment deliberate indifference to medical needs claims. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012). Third, plaintiff's state law negligence and negligent failure to supervise and train claims fail because he has not alleged compliance with the Government Claims Act's exhaustion requirement. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Finally, plaintiff's request for injunctive relief against prison officials at Wasco State Prison is moot because he is no longer housed there.

Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis. Accordingly,

1. The findings and recommendations issued on August 24, 2020, (Doc. No. 25), are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a cognizable claim upon which relief may be granted; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 28, 2021**

_____
UNITED STATES DISTRICT JUDGE